UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NATHANIEL BANKS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF DETROIT, et al.,<br><br>    Defendants. | Case No. 24-cv-10516<br><br>Honorable Robert J. White |

**STIPULATED DISCOVERY AGREEMENT AND PROTECTIVE ORDER**

**THIS MATTER** having come before the Court upon stipulation of Plaintiff, Nathaniel Banks, as Personal Representative of the Estate of Daryl Vance, and Defendant, City of Detroit, through their respective counsel, and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED:**

1. Plaintiff's Request for Production No. 20 is hereby withdrawn in its entirety.

2. Plaintiff's First Request for Production of Documents Nos. 9, 10, 12, 20, and 23, related to Sergeant Lemeul Sims are hereby withdrawn

3. Defendant, City of Detroit, will supplement its responses to Plaintiff's First Request for Production of Documents Nos. 9, 10, 12, and 23, with regard

1

to Sgt. Stephen Kue, Sgt. William Zeolla, Sgt. Scott Barrick, Sgt. Lacell Rue, and Sgt. Samuel Pionessto. The City's supplementation will be limited to records specific to Fourth Amendment excessive force and/or unlawful searches of dwellings, and any unrelated data shall be redacted.

4. Defendant, City of Detroit, shall produce any documents that are subject of this order within 45-days of entry of this order.

5. Defendant's counsel will contact Plaintiff's counsel with status update in 30-days from the entry of this order. If necessary, the parties may agree to extend the due date beyond 45-days.

6. The documents subject to this Order shall be used solely and exclusively for the purposes of the instant lawsuit and may only be used in any court filings, judicial proceedings, depositions, alternative dispute resolution proceedings, trial, and/or any other judicially-related proceedings in this case only.

7. The documents subject to this order shall not be used in or for any other case, proceeding, dispute, or for any commercial, business, or competitive purpose whatsoever.

8. The documents subject to this order may be reviewed by Counsel for the parties, Counsels' staff, those individuals associated with the activities cited in subparagraph (7), and such experts and/or consultants as Counsel

deems necessary for purposes of this litigation.

9. The documents produced pursuant to this order may be disclosed only to those individuals and/or entities identified in this order and must be used only by those individuals and/or entities identified in this order and must only be used for purposes of this litigation.

10. Documents produced pursuant to this order are further subject to the restraints of all Protective Orders entered in this litigation, including the Stipulated Protective Order dated January 2, 2025, (ECF No. 30, PageID.567).

**IT IS FURTHER ORDERED** that the protective provisions of this order shall survive and remain in full force and effect until the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation, unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that the documents produced under this order do not constitute an admission and/or agreement that any such document is admissible as evidence in this case.  Determinations of evidence admissibility will be made by the Court in separate proceedings.

**IT IS FURTHER ORDERED** that the documents produced pursuant to this order shall be destroyed by Plaintiff's Counsel and/or Defendants' Counsel after final disposition (including all appeals) of the case except any documents attached

to any pleadings filed with the court, deposition exhibits, or other pleadings.

**IT IS FURTHER ORDERED** that this order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

SO ORDERED.

Dated: May 29, 2025

s/Robert J. White
Robert J. White
United States District Judge

5

**STIPULATED TO**:

| | |
|---|---|
| */s/ Jennifer G. Damico* | */s/ Christopher J. Raiti* |
| Jennifer G. Damico (P48198) | Christopher J. Raiti (P68600) |
| Counsel for Plaintiff | Counsel for Defendant |
| Fieger, Fieger, Kenney & Harrington | Nathan & Kamionski, LLP |
| 19390 W. Ten Mile Rd. | 500 Griswold Street, Suite 2300 |
| Southfield, MI 48075 | Detroit, MI 48226 |
| (248) 355-5555 | (313) 335-3811 |
| j.damico@fiegerlaw.com | craiti@nklawllp.com |