UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL BANKS,

     Plaintiff,

v.

CITY OF DETROIT, et al.,

     Defendants.

Case No. 24-cv-10516

Honorable Robert J. White

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JUWAN BROWN'S MOTION FOR ORDER TO SHOW CAUSE (ECF No. 69)**

Plaintiff Nathaniel Banks, as the personal representative of the estate of Daryl Vance, sued Defendants the City of Detroit, Officer Juwan Brown, Sargeant Jarmiare McEntire, and Sargeant Michael Jackson following an interaction between Brown, Jackson, and Vance that allegedly resulted in Vance's death. (ECF No. 48, PageID.923–48). Presently before the Court is Brown's motion for the Court to issue a show cause order to third-party Prime Protection Authority, LLC (Prime). (ECF No. 69). Brown requested the Court order Prime to appear and show cause as to why Prime should not be held in contempt of court for failing to respond to Brown's subpoena. (*Id.* at PageID.1265–66). Banks concurred in the relief sought. (*Id.* at PageID.1257).

Banks alleged the interaction took place in the vicinity of the Garden Bowl. (ECF No. 48, PageID.909–23).  The Garden Bowl is a bowling alley, restaurant, bar, and entertainment center in Midtown, Detroit. (*Id.* at PageID.908).  Prime provided security guard and/or doorman services to the Garden Bowl at the time the interaction between Brown, Vance, and Jackson took place. (ECF No. 69, PageID.1255).  Brown believed and continues to believe that Prime may possess records related to the security services provided on the date of the interaction. (*Id.*).  As a result, Brown issued a subpoena to Prime on December 19, 2025 via United States Certified Mail to 4980 Maybee Road, Clarkston, MI, 48348. (*Id.*; ECF No. 69-2, PageID.1269–74).  Brown's counsel also sent the subpoena via electronic mail to Prime at tony.pierce2268@yahoo.com. (ECF No. 69, PageID.1255; ECF No. 69-2, PageID.1269–74).  Brown did not receive a return receipt as requested. (ECF No. 69, PageID.1255).

On January 12, 2026, Prime's owner, Anthony Pierce, reached out to Brown's counsel to discuss the subpoena and requested that the subpoena be sent to the same address again. (*Id.* at PageID.1256).  At Pierce's instruction, Brown's counsel sent a second copy of the subpoena to the same address as before via United States Certified Mail. (*Id.*).  Brown did not receive a return receipt despite requesting one. (*Id.*).

2

On March 16, 2026, Brown's counsel called Pierce to obtain an update on his subpoena response. (*Id.*).  Pierce did not answer the call, so Brown's counsel left a voicemail. (*Id.*).  Brown's counsel reached Pierce via phone on March 27, 2026; Pierce stated he still had not received the subpoena and requested a copy be sent to his email address. (*Id.*).  Brown's counsel emailed Pierce the subpoena that same day. (ECF No. 69-3, PageID.1276).  Notably, Pierce provided the same email address that Brown initially sent the subpoena to. (ECF No. 69, PageID.1255–56).

Brown's counsel followed up with Pierce on April 3, 2026 to confirm that Pierce received the subpoena. (ECF No. 69-4, PageID.1278–79).  Pierce replied that he had. (ECF No. 69-5, PageID.1281–83).  On May 1, 2026, Brown's counsel emailed Pierce to request that he produce all responsive records by Friday, May 8, 2026. (ECF No. 69-6, PageID.1285–87).  To date, Brown's counsel has not received a response to that request, nor have any documents been produced. (ECF No. 69, PageID.1264).  Hence Brown moved on May 21, 2026 for a show cause order for Prime to appear and explain why they should not be held in contempt for their lack of response. (*Id.*).

Under Federal Rule of Civil Procedure 45(a), a party may issue a subpoena to a third party requesting the production or identification of documents.  A third party may object to a subpoena; however, they must serve their objection "before the earlier of the time specified for compliance or 14 days after the subpoena is served."

3

Fed. R. Civ. P. 45(d)(2)(B).  And if a third-party "fails without adequate excuse to obey the subpoena or an order related to it," the court may hold them in contempt. Fed. R. Civ. P. 45(g).

Here, Prime has not objected to the subpoena in the time required by the rule. Nor has it made any effort to comply despite Pierce acknowledging that he had received the subpoena on Prime's behalf.  Although a court may order Prime to show cause as to why it has not complied, it is typically "rare for a court to use contempt sanctions without first ordering compliance with a subpoena." Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment.

Because the Court has yet to issue an order directing Prime's compliance, the Court will construe Brown's motion as a motion to compel and will now order Prime to comply with the subpoena.  The Court will instruct Brown's counsel to serve a copy of the Court's order on Prime within seven days of its issuance, and to file on the docket proof that service or an attempt to complete service has been made.  Once Prime receives the Court's order, it must comply with Brown's subpoena within seven days.  Otherwise, the Court will issue a show cause order so that Prime can appear and explain itself.  At present, however, the Court will deny Brown's motion to the extent it requests a show cause order.

* * *

For the reasons given, the Court **ORDERS** that the motion for order to show cause (ECF No. 69) is **GRANTED IN PART AND DENIED IN PART**.

The Court **FURTHER ORDERS** that Brown must serve a copy of the Court's order within seven days of its issuance to Prime and file proof of service on the docket.

The Court **FURTHER ORDERS** that Prime must comply with the Court's order and Brown's subpoena within seven days of service of this order.  The Court will give Brown leave to refile his motion for an order to show cause in the event Prime does not comply with the subpoena.

Dated: June 16, 2026

s/Robert J. White
Robert J. White
United States District Judge

5